**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Michael J. Goodman**
**mgoodman@amarlawgrp.com**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 208**
**Tempe, AZ 85283**
**(866) 904-2627**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kevin and Sunny Johnson,** | ) Case No.: |
| Plaintiffs, | ) **COMPLAINT -** |
|  | ) **VIOLATION OF THE MAGNUSON-** |
| vs. | ) **MOSS WARRANTY ACT AND** |
|  | ) **VIOLATION OF THE ARIZONA** |
| **FCA US LLC d/b/a Ram,** | ) **MOTOR VEHICLE WARRANTIES** |
|  | ) **ACT** |
| Defendant. | ) |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. § 1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. § 2310(d) as the amount in controversy exceeds $50,000.00. There is also diversity jurisdiction as the amount in controversy is over $75,000.00 and the parties are citizens of different states. The Court has pendent jurisdiction over Plaintiffs' A.R.S. § 44-1261 *et seq*. claim.

2. The Plaintiffs, Kevin and Sunny Johnson ("Plaintiffs"), are Arizona consumers.

3. The Defendant, FCA US LLC d/b/a Ram ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the Arizona consuming public through its authorized dealerships, including Earnhardt Chrysler Jeep Dodge.

4. On January 12, 2019, Plaintiffs purchased from Earnhardt Chrysler Jeep Dodge a new 2018 Ram 3500, Vehicle Identification No. 3C63RRJL6JG354030 ("3500") manufactured and supplied by Defendant, for a total financed price of $94,749.48.

5. In connection with Plaintiffs' purchase of the 3500, Defendant issued and supplied Plaintiffs with its written warranty, which has *inter alia* 3 year/36,000-mile bumper to bumper coverage and 5 year/100,000-mile powertrain coverage.

6. In addition, under Defendant's repair or replacement warranty, Defendant was required (through its authorized dealership warranty repair agents) by common law, State law, and statute to perform adequate and competent repairs or replacements within a reasonable opportunity, as competent repairs within a reasonable opportunity is the essential purpose of warranties restricted to repair or replacement of defective parts.

7. Plaintiffs experienced multiple non-conformities with the 3500 that manifested shortly after acquisition. Notably the 3500 exhibited the following defects and conditions: engine (3 repair attempts), fuel pressure switch, fuel pump, and actuator.

8. The 3500 was repeatedly presented for repair of these defects and non-conformities at Defendant's designated repair agents, where the warranty repairs have taken sixty-four (64) days to perform.

9. The sixty-four (64) days the vehicle was out of service by reason of warranty repair exceed by more than double the Lemon Law's thirty (30) day presumption of unreasonableness. *See* A.R.S. §44-1264 (A)(2).

10. The 3500 remains defective and non-conforming.

11. The above-mentioned conditions and inadequate warranty repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiffs.

12. Plaintiffs provided Defendant, through its designated dealership warranty repair agents a reasonable opportunity to repair the defects, non-conformities and conditions within the 3500.

13. Defendant failed to cure the 3500 in a reasonable opportunity and thus the 3500's warranty failed its essential purpose.

14. Defendant's failure to correct the 3500's defects within a reasonable opportunity violates Defendant's statutory and common law duties to Plaintiffs and the expectations created by Defendant's promotional documents and warranties.

15. Defendant has had notice of the 3500's conditions and an opportunity to cure.

16. Plaintiffs gave Defendant additional notification of the defects within the 3500 and the excessive number of times Defendant's authorized repair agents attempted

repairs, as well as Plaintiffs' lawful demand for the remedies provided by the Lemon Law, on March 13, 2019.

17. Plaintiffs and Defendant were unable to reach an accord.

18. Plaintiffs did not receive the basis of their bargain for a new 3500. Instead Plaintiffs were saddled with a 3500 riddled with substantial defects akin to an improperly maintained high mileage lower value used vehicle.

19. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiffs are entitled to bring suit for such damages.

20. Plaintiffs have met all legal and enforceable obligations and preconditions provided for in Defendant's warranty and by statute(s).

21. Plaintiffs demand a trial by jury.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**
**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

22. Plaintiffs re-allege and incorporate by reference paragraphs 1-21 in this Complaint.

WHEREFORE, pursuant to 15 U.S.C. § 2310(d), Plaintiffs pray for the following relief against Defendant for its written warranty breach:

a. An award of diminution in value damages and any equitable relief to which Plaintiffs are entitled;

b. All incidental and consequential damages;

    c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

    d. All other relief deemed justified by this Court.

## COUNT II
## VIOLATION OF THE ARIZONA MOTOR VEHICLE WARRANTIES ACT

24. Plaintiffs re-allege and incorporate by reference paragraphs 1-22 in this Complaint.

25. In accordance with A.R.S. § 44-1263 *et seq.*, Plaintiffs are entitled to equitable relief in the form of a refund of the subject vehicle's purchase price or a comparable new replacement vehicle.

WHEREFORE, pursuant to A.R.S. § 44-1261 *et seq.*, Plaintiffs pray for the following remedies against Defendant:

    a. A new replacement vehicle or full refund of the purchase price inclusive of collateral charges accrued minus a reasonable usage fee not to exceed ten (10) cents per mile (at Plaintiffs' election);

//
//
//
//
//

b. All reasonable attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

c. All other relief deemed justified by this Court.

**RESPECTFULLY SUBMITTED** this 2nd day of July, 2019.

By: /s/Michael J. Goodman

Shalev Amar
Michael J. Goodman
Amar Law Group, PLLC
40 W. Baseline Road, Suite 208
Tempe, AZ 85283
(866) 904-2744
(866) 226-1333 (facsimile)
Attorneys for Plaintiffs